UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------- X

BRITTANY SANTOS,

               *Plaintiff*,

v.

WELLS FARGO BANK, N.A., and TRANS UNION, LLC,

               *Defendants*.

---------------------------------------- X

CASE NO:

Removed from the Supreme Court of the State of New York, County of Nassau, Index No. 605620/2024

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), by counsel, hereby removes this action from the Supreme Court of the State of New York, County of Nassau, to the United States District Court for the Eastern District of New York. Removal is proper because this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. In support thereof, Wells Fargo states as follows:

### I. BACKGROUND

1. This action commenced on April 2, 2024, in the Supreme Court of the State of New York, County of Nassau, styled as *Brittany Santos v. Wells Fargo Bank, N.A. and Trans Union, LLC*, Index No. 605620/2024 (the "State Court Action").

2. A copy of the Complaint that initiated this action (the "Complaint") and all letters, exhibits, process, pleadings, and orders accompanying the Complaint that were served upon Wells Fargo are collectively attached as **Exhibit A**.

3. In his Complaint, Plaintiff Brittany Santos ("Plaintiff") alleges that she had an outstanding charged-off debt with Wells Fargo in the amount of $45.00. (Compl. ¶ 22.)

4. Plaintiff alleges that she entered into a settlement with Wells Fargo to settle this debt for the sum of $11.32. (*Id.* ¶ 23.)

5. Plaintiff asserts that this settlement resolved the debt in its entirety and that nothing more is due and owing. (*Id.* ¶ 24.) However, Plaintiff alleges that her credit report reflects that the debt is being reported as unpaid and with an outstanding balance and past due amount of $33. (*See id.* ¶ 30.)

6. In order to update her credit reporting to reflect the current status of the account, Plaintiff claims to have submitted a dispute letter to the credit bureaus. (*Id.* ¶ 26.)

7. Despite her dispute letter, Plaintiff alleges that "Defendants continue to report the debt as unpaid and charged off with an outstanding balance and past due amount of $33 . . ." (*Id.* ¶ 30.)

8. Based on these allegations, Plaintiff alleges that Wells Fargo violated the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA") (Compl. ¶¶31, 62-88.)

9. Further, Plaintiff alleges that co-defendant Trans Union, LLC ("TransUnion") violated the FCRA (*Id.* ¶31, ¶¶38-61)  Plaintiff also alleges that co-defendants violated the NY FCRA, N.Y. Gen. Bus. Law § 380, *et seq.* (*See id.* ¶¶ 89-99.)

10. Wells Fargo was served with the Complaint and corresponding summons on April 3, 2024, making the action timely removed pursuant to 28 U.S.C. § 1446(b).

11. This Notice of Removal is filed within one year of the date of commencement of the action for removal purposes.

12. Wells Fargo denies the allegations in the Complaint, denies that Plaintiff has a claim for which relief may be granted, and denies that Plaintiff has been damaged in any manner. Nevertheless, assuming for jurisdictional purposes only that Plaintiff's claims are valid, Plaintiff could have originally filed the Complaint in this Court under federal question jurisdiction because resolution of Plaintiff's claims will require determination of significant, disputed issues under federal law.

## II.     JURISDICTION

13. This Court has federal question jurisdiction over the State Court Action under 28 U.S.C. § 1331.

14. District courts "have original jurisdiction of all civil action arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

15. Here, federal question jurisdiction exists under 28 U.S.C. § 1331 because the Complaint alleges claims over which "the district courts of the United States [] have original jurisdiction." *Id.* Specifically, Plaintiff alleges that "[t]his action seeks to recover for violations of the Fair Credit Reporting Act (the '*FCRA*'), 15 U.S.C. §1681 *et seq.* . . . ." (Compl. ¶ 1.)

16. Accordingly, federal question jurisdiction exists over this action because Plaintiff's allegations require resolving issues that arise under a federal statute – the Fair Credit Reporting Act. Particularly, this matter necessitates the application of federal law, and that federal law determines the rights and liabilities of the parties, which warrants a proper exercise of federal question jurisdiction.

17. Plaintiff further alleges a claim against TransUnion for alleged violation of the New York FCRA, N.Y. Gen. Bus. Law § 380 (*Id.* ¶¶ 102-112.)

18. Because there is federal question jurisdiction over Plaintiff's FCRA claims, this Court also has supplemental jurisdiction over his state law claim because that claim stems from the same operative facts and is so related that they form part of the same case or controversy. *See* 28 U.S.C. § 1367. (*See also* Compl. ¶¶ 105-112).

### III.    VENUE

19. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district embraces the Supreme Court of the State of New York, County of Nassau, the forum in which the removed action was pending.

### IV.    NOTICE

20. Wells Fargo will promptly file a true and correct copy of this Notice of Removal in the Supreme Court of the State of New York, County of Nassau.  A true and correct copy of the Notice of Filing of Notice of Removal, without exhibits, is attached hereto as **Exhibit B**.  Wells Fargo will also give written notice of removal to all adverse parties.  *See* 28 U.S.C. § 1446(d).

21. Pursuant to the docket pertaining to the State Court Action, Defendant TransUnion has not yet been served with a copy of the Complaint.  Under 28 U.S.C. § 1446(b)(2)(A), consent to the removal of an action is required only from "defendants who have been properly joined and served."  *See* 28 U.S.C. § 1446(b)(2)(A); *see also Dixon v. Stedman*, No. 22-cv-3581, 2022 WL 16924178, at *2 (E.D.N.Y. 2022) ("Section 1446(b)(2)(A) only requires consent of 'all defendants who have been properly joined' at the time of removal, and '[i]t is well-settled that a removing defendant need not obtain the consent of non-served defendants to remove an action,' because 'the court cannot exert personal jurisdiction over a non-served defendant.'") (quoting *Omni Elevator*

*Corp. v. Int'l Union of Elevator Constructors & Its Loc. 27 Affiliate*, No. 19-cv-6778 (CJS), 2021 WL 3810413, at *3 (W.D.N.Y. 2021)). Thus, the consent of Defendant TransUnion is not needed at this time.

22. As of the date of this removal, Wells Fargo has not filed a responsive pleading to the Complaint. Wells Fargo reserves all rights to assert any and all defenses to the Complaint and further reserves the right to amend or supplement this Notice of Removal.

23. If any questions arise as to the propriety of the removal of this action, Wells Fargo requests the opportunity to present a brief and argument in support of its position that this case is removable.

**WHEREFORE**, for the reasons stated above, Defendant Wells Fargo Bank, N.A. respectfully requests that the above-referenced case now pending in the Supreme Court of the State of New York, County of Nassau, be removed to the United States District Court for the Eastern District of New York, and for such other and further relief as this Court deems appropriate and just.

Dated: April 23, 2024
New York, New York

**TROUTMAN PEPPER HAMILTON SANDERS LLP**

By: */s/ Ahmed H. Khattab*
Ahmed H. Khattab
875 Third Avenue
New York, New York 10022
Telephone: (212) 704-6162
Facsimile: (212) 704-6288
Email: ahmed.khattab@troutman.com

*Attorney for Defendant Wells Fargo Bank, N.A.*